**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hania YAZDI, Defendant—Appellant,**

and

**Hoshang Moghaddam, Defendant.**

No. 01–50388.

D.C. No. CR–95–00130–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided April 11, 2003.

Before SCHROEDER, Chief Judge, and THOMPSON and GRABER, Circuit Judges.

MEMORANDUM*

Petitioner Hania Yazdi appeals the district court's order granting in part and denying in part her motion to set aside, amend, or remit a bond forfeiture judgment on a townhouse. We affirm.

1. Petitioner first argues that the Government waived its ability to foreclose on or sell the townhouse. We decline to reach this argument because it is raised for the first time on appeal. *See Scott v. Ross,* 140 F.3d 1275, 1283 (9th Cir.1998) (noting that this court ordinarily will not consider an issue that was not preserved below).

2. Petitioner also argues that the district court abused its discretion in refus-

ing to remit the judgment. *See United States v. Amwest Sur. Ins. Co.*, 54 F.3d 601, 602 (9th Cir.1995) (describing standard of review). The district court considered *Amwest* in concluding that it would not exercise its discretion in Petitioner's favor under Federal Rule of Criminal Procedure 46(e)(4) (2002) (renumbered as Fed.R.Crim.P. 46(f)(4) (2003)). In our view the court did not abuse its discretion. We note, among other factors, that Petitioner had constructive notice of the defendant's deed of trust, which was recorded several months before the townhouse was transferred to her, that the amount of the bond was appropriate, and that the defendant willfully breached a condition of his release.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.